## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 1, 2016

By ECF

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    United States v. HSBC Bank USA, N.A. and HSBC Holdings plc
               Criminal Docket No. 12-763 (JG)

Dear Judge Gleeson:

      We represent HSBC Bank USA, N.A. and HSBC Holdings plc (together, "HSBC") in this matter.  On January 28, 2016, this Court entered a Memorandum and Order concluding that the Monitor's First Annual Follow-Up Report (the "Report") must be partially unsealed and ordering the parties to file a proposed redacted version of the Report by February 12, 2016.  (Dkt. 52.)  In accordance with Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), we write to request a stay of the enforcement of that Order pending an appeal to the United States Court of Appeals for the Second Circuit.[1]

      A stay pending appeal is plainly warranted here in light of the importance, novelty, and potential consequences of the Order.  Indeed, in view of the time needed to facilitate appellate review, "[f]ailure to grant a stay will entirely destroy [HSBC's] rights

---

[1] The Order partially unsealing the Report is immediately appealable under the collateral order doctrine.  *See United States* v. *Erie Cty.*, 763 F.3d 235, 238 n.5 (2d Cir. 2014); *SEC* v. *TheStreet.com*, 273 F.3d 222, 228 (2d Cir. 2001).  In addition, as a separate basis for appellate jurisdiction, the Second Circuit has construed disputes over whether court documents in a criminal case should remain under seal as functionally equivalent to a "separate civil case," and thus orders resolving such disputes are appealable to the same extent as orders disposing of a separate civil case.  *See, e.g.*, *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 117–18 (2d Cir. 2006); *In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 949 n.2 (2d Cir. 1980).

The Honorable John Gleeson                                                                                                    -2-

to secure meaningful review" of the Order's conclusion that a redacted version of the Report must be made public. *Providence Journal Co.* v. *FBI*, 595 F.2d 889, 890 (1st Cir. 1979). On the other hand, it will cause no material harm to any other party to maintain the current confidentiality of the entire Report (which summarizes the Monitor's 2014 review and has been under seal since it was filed with the Court eight months ago) solely for the additional time it takes for the Second Circuit to review this important issue. Because HSBC also can show a strong likelihood of success on the merits, and because the public interest favors affording the Second Circuit a meaningful opportunity to review the Order before potentially confidential information is made public in a way that might jeopardize this and future corporate compliance monitorships, this Court should grant a stay of the Order pending appellate review.

In the alternative, if the Court declines to grant a stay pending appeal, we respectfully request an extension of the February 12, 2016 deadline for the submission of a proposed redacted version of the Report and the United States Country Review Report. Those documents together number more than 550 pages, and they are based on the Monitor's review of a considerable volume of confidential information from both inside and outside the United States. HSBC maintains its position that the *entire* Report must remain under seal, and it is today filing a notice of appeal in order to seek that outcome in the Court of Appeals. Although in HSBC's view it is not possible to redact the Report in an intelligible way that protects confidential information and facilitates the successful operation of the monitorship, HSBC will make a good-faith attempt to propose redactions that would satisfactorily address the concerns that this Court has acknowledged. But two weeks is simply not enough time to conduct the close review and extensive consultation with various regulators that will be necessary to complete that exercise in a responsible manner. Again, extending the time for the parties to propose redactions will cause no material harm to any other party or the public. Accordingly, at a minimum this Court should allow the parties an additional 30 days to submit a proposed redacted version of the Report.

**I.     Background**

On January 20, 2015, the Monitor issued the Report as required under the terms of the Deferred Prosecution Agreement ("DPA") between the Government and HSBC. The Government summarized the Report's findings in its April 1, 2015 status letter, and the Court then ordered the Government to submit the Report for the Court's review. On June 1, 2015, the Government filed the Monitor's Report with the Court, together with an application to maintain the Report under seal. That application was joined by HSBC, the Monitor, and four of HSBC's financial regulators: (i) the Board of Governors of the Federal Reserve System ("FRB"); (ii) the U.K. Financial Conduct Authority ("FCA"); (iii) the Hong Kong Monetary Authority; and (iv) Bank Negara Malaysia. (*See* Dkt. 35 and attachments; Dkt. 38.)

On November 3, 2015, Hubert Dean Moore submitted a letter to the Court requesting access to the Report for use in connection with his complaint before the Consumer Financial Protection Bureau ("CFPB") regarding his residential mortgage serviced by HSBC Mortgage Services, Inc. (*See* Dkt. 42.) The Court construed Mr.

The Honorable John Gleeson                                                                          -3-

Moore's letter as a motion to unseal the Monitor's Report and set deadlines for any other parties to join or oppose that motion. No party joined Mr. Moore's motion during that time period. On December 11, 2015, HSBC and the Government submitted letters opposing the application to unseal the Monitor's report, and the Court held oral argument on the application on January 15, 2016.

On January 28, 2016, the Court entered a Memorandum and Order concluding that "the majority of the Report and the United States Country Review Report will be made public." (Dkt. 52 at 13.) Appropriately accepting the parties' arguments that substantial interests support maintaining at least some portions of the Report under seal, the Court concluded that five of the six country reports (all but the United States Country Review Report) would remain under seal, and that information falling into the following categories could be redacted from the Report and the United States Country Review Report: "(1) identifying information about HSBC employees; (2) information detailing the processes by which criminals could exploit HSBC . . . ; and (3) country names and explicit references to confidential materials, as identified by these foreign jurisdictions." (*Id*. at 14.) The Court ordered the Government and HSBC to submit proposed redactions to the Report by February 12, 2016. (*Id*.)

## II.     The Court Should Stay the January 28 Order Pending Appeal.

The Court should grant a stay of its January 28 Order, including its requirement that the parties submit a proposed redacted version of the Report to the Court by February 12, pending appeal to the Second Circuit. In deciding whether to grant a stay, the Court considers: (i) whether the stay applicant is likely to succeed on the merits; (ii) whether the applicant will be irreparably injured absent a stay; (iii) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (iv) where the public interest lies. *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). The first two factors are the "most critical," *Nken* v. *Holder*, 556 U.S. 418, 434 (2009), but courts in this Circuit consider the factors on a "sliding scale" in which "more of one excuses less of the other," *Thapa* v. *Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (internal quotation omitted).

A straightforward application of those factors confirms that a stay pending appeal is warranted here. Most obviously, the balance of equities cuts overwhelmingly against immediate enforcement of the Court's Order. Disclosure would destroy the Report's confidentiality and deprive HSBC of any meaningful opportunity to argue on appeal that the Report should remain confidential in its entirety. By contrast, no other interested party (including Mr. Moore) will be substantially injured by maintaining the Report under seal long enough for the Second Circuit to consider the appeal. Although the one-sided nature of the equities lowers HSBC's burden to show that it is likely to prevail on appeal, HSBC can show a likelihood of success under any standard. Finally, the public interest favors preserving the opportunity for meaningful appellate review of a decision that (in the view of HSBC, the Government, the Monitor, and foreign regulators from four different countries) may jeopardize the success of this monitorship and future monitorships.

The Honorable John Gleeson                                                                                            -4-

### A.     HSBC Will Suffer Irreparable Harm Absent a Stay.

In HSBC's view, all of the information in the Report is protected from disclosure, and neither the First Amendment nor the common law requires public access to any portion of it. The entire Report thus must remain under seal to adequately protect confidential information and facilitate the success of the monitorship. Pressing that position on appeal would become meaningless, and HSBC would thus suffer irreparable injury, if this Court were to place a redacted version of the Report on the public docket in the interim. The Second Circuit would be powerless to "'unring the bell' once the information has been released." *Maness* v. *Meyers*, 419 U.S. 449, 460 (1975); *see Vringo, Inc.* v. *ZTE Corp.*, 2015 WL 3498634, at *10 (S.D.N.Y. June 3, 2015) (observing that once "information becomes public knowledge, it can 'not be made secret again'") (quoting *Ruckelshaus* v. *Monsanto Co.*, 463 U.S. 1315, 1317 (1983)). Although a favorable decision on appeal could provide effective relief as to *future* annual reports prepared by the Monitor, absent a stay, the Second Circuit could not redress the harm from the unwarranted disclosure of confidential information in *this* Report.

Numerous courts have recognized that the potentially unjustified disclosure of confidential information constitutes irreparable harm. *See, e.g.*, *Nat'l Council of La Raza* v. *Dep't of Justice*, 411 F.3d 350, 355 n.3 (2d Cir. 2005) (granting a stay pending appeal of an order directing disclosure of a confidential Office of Legal Counsel memorandum under FOIA); *TheStreet.com*, 273 F.3d at 228 (finding that "the alleged harm caused by disclosure of" confidential deposition testimony "will be immediate and irreparable"); *accord John Doe Agency* v. *John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) ("The fact that disclosure would moot that part of the Court of Appeals' decision requiring disclosure . . . would also create an irreparable injury."). As those decisions recognize, failure to stay the Order pending appeal plainly would cause irreparable injury.

### B.     A Stay Pending Appeal Will Not Cause Injury to Any Other Interested Party.

The Report summarizes the results of the Monitor's review in 2014, and it was finalized and delivered to the Government and the FCA more than one year ago. It has remained under seal for the entire eight months since it was submitted to the Court. Although the Court has concluded that the public has an interest in seeing the Report, there is no additional, material harm that would befall the public or any interested party by maintaining the Report under seal until the Second Circuit is able to review the January 28 Order.[2] Granting a stay pending appeal in this case would do "nothing more than maintain the status quo existing prior to the district court's order," *SEC* v. *Citigroup*

---

[2] To the extent Mr. Moore's interest in the Report could be considered relevant, *but see* Dkt. 52 at 3 n.4, Mr. Moore did not articulate any urgency or time-sensitivity in his request to see the Report for purposes of his CFPB complaint.

The Honorable John Gleeson                                                                          -5-

*Glob. Mkts. Inc.*, 673 F.3d 158, 168 (2d Cir. 2012), and accordingly the balance of equities overwhelmingly favors granting a stay pending appeal.

        **C.**     **HSBC Is Likely to Succeed on the Merits of its Appeal.**

        Given the irreparable harm HSBC will suffer if the January 28 Order is not stayed pending appeal, this Court need not find it probable that the Court of Appeals will reverse the Order to determine that a stay is warranted. That is because, in the Second Circuit, the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." *Chevron Corp.* v. *Donziger*, 37 F. Supp. 3d 653, 657 (S.D.N.Y. 2014) (quoting *Mohammed* v. *Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). HSBC need only show "some possibility of success" on appeal, because "the balance of hardships tips decidedly in [its] favor." *Thapa*, 460 F.3d at 335.

        Under any standard, however, HSBC can show the requisite likelihood of success. Even assuming the Report is a judicial document, HSBC, the Government, the Monitor, and financial regulators from four different countries (including the FRB and the FCA, both of which also commissioned the Monitor in conjunction with the Department of Justice) have set forth specific countervailing interests that would be compromised by making the Report public. (*See* Dkt. 35 and attachments; Dkt. 38.) Such interests include ensuring the continued cooperation of foreign regulators and HSBC employees, which depend on assurances of full confidentiality of information provided to the Monitor, and avoiding the improper disclosure of confidential information protected by foreign bank secrecy laws or by U.S. regulatory and common-law privileges for bank supervisory or examination information. All parties also have an interest in preventing the disclosure of detailed information about HSBC's AML and other controls that could aid criminals in circumventing such controls.

        In appropriate recognition of the strength of those interests, the Court allowed the non-U.S. country reports to remain under seal and agreed to redact "(1) identifying information about HSBC employees; (2) information detailing the processes by which criminals could exploit HSBC . . . ; and (3) country names and explicit references to confidential material, as identified by these foreign jurisdictions." (Dkt. 52 at 14.) But those categories do not adequately capture the full scope of information that the parties and supporting submissions have explained needs to be kept confidential, and in any event, the Report cannot be redacted to conceal only those discrete categories of information in a coherent way. Even if it could, the redacted version would still risk undermining a successful monitorship. As the FRB explained, "public disclosure of all or any portion of the Monitor Report would seriously impair both Mr. Cherkasky's ability to efficiently and effectively carry out his various responsibilities . . . and the Board's ability to carry out its responsibilities to supervise banking organizations." (Dkt. 35-2 at 2.)

        In reliance on the explicit agreement in the DPA, HSBC assured a number of its financial regulators of the confidentiality of the Monitor's work. Based on HSBC's assurances, these regulators reasonably expected that the Monitor's work product would

The Honorable John Gleeson                                                                                          -6-

be protected from public disclosure. Those assurances will be breached if the Report is placed on this Court's public docket. The Court's decision to maintain non-U.S. country reports under seal and to allow redaction of "country names" and other "explicit references to confidential information" does not sufficiently address this concern. Foreign regulators who are unfamiliar with the concept of a corporate compliance monitor or with the laws governing access to judicial documents in this country may not consider those categories sufficiently protective of their interests. And the fact remains that none of those foreign regulators, nor HSBC, nor the Monitor, nor the Government will have the final say over what information is ultimately made public. Under those circumstances, foreign regulators may reasonably conclude that allowing the Monitor to access confidential information in the future, or to conduct any review of HSBC in their jurisdictions, is not a tolerable risk.

Moreover, the Report and United States Country Review Report both contain information that falls under the regulatory supervision of HSBC's U.S. regulators, including the FRB and the Office of the Comptroller of the Currency ("OCC"). As the FRB has explained (Dkt. 35-2 at 2), even the partial disclosure of the Report may impair its ability to supervise banking organizations, so it might also decide not to support this or future corporate compliance monitorships if this Report is made public. For these and other reasons, there is far more than "some possibility" that HSBC will succeed on the merits of its appeal. *Thapa*, 460 F.3d at 335.

**D. The Public Interest Favors a Stay Pending Appeal.**

Finally, although this Court has concluded that the public has a significant interest in seeing the Report, there is no identifiable reason that the public must see that Report *now*. Staying the enforcement of the Order pending appellate review therefore would not materially harm the public interest. To the contrary, the public interest typically favors full judicial review in the normal course of important legal and policy questions. Here, the Second Circuit should have a meaningful opportunity to consider whether the substantial negative consequences that will follow from even partial disclosure of the Report, as identified in the parties' June and December submissions, outweigh any public interest in seeing portions of the Report. A corporate compliance monitorship can be a valuable tool of law enforcement, and the public's interest will be undermined, not advanced, if such monitorships (including the present one) are hampered or even fundamentally altered by the disclosure of confidential information.

**III. In the Alternative, the Court Should Extend the Deadline for HSBC to Submit a Proposed Redacted Version of the Report.**

If the Court declines to grant a stay of the January 28 Order pending appeal, at a minimum it should extend the current deadline for HSBC to submit a proposed redacted version of the Report for 30 days. HSBC respectfully disagrees that the text of the Report, which was produced in reliance on the full confidentiality promised by the DPA, can merely be redacted to address the serious confidentiality concerns at issue, at least without rendering the Report virtually unintelligible. Requiring HSBC to propose such redactions fundamentally alters the terms of the DPA and the

The Honorable John Gleeson                                                                                                      -7-

monitorship to which HSBC agreed. Accordingly, HSBC is today filing a notice of appeal to press its position that the *entire* Report must remain under seal. In light of this Court's contrary conclusion, HSBC nonetheless will endeavor in good faith to propose redactions as required by the Order, but the current deadline set by the Order is infeasible.

The Report and the United States Country Report comprise more than 550 pages. In order to propose redactions, HSBC, the Monitor, and the Government must engage in line-by-line review to identify and redact all text that could lead to disclosure of confidential information. That review will require consultation with other interested entities, such as domestic and foreign regulators (including the FRB, the OCC, and the FCA, among others), whose information has been incorporated into the Monitor's findings reflected in the Report. Two weeks is simply not enough time to complete that process responsibly.

Given the amount of time the Report has remained under seal, and the lack of any contention that immediate disclosure of the Report is important to the public interest, no material harm will result from granting HSBC additional time to propose redactions to the Court. Indeed, by allowing the parties to propose redactions, this Court has recognized that the improper disclosure of confidential information in the Report can cause harms that outweigh the public right of access. Although HSBC respectfully disagrees with the Court's conclusion that those harms can be adequately addressed through targeted redactions, allowing HSBC sufficient time to carefully consider and propose redactions to the Report in a good-faith effort to comply with the Order is in the interest of all parties and the public at large.

**IV.       Conclusion**

For the foregoing reasons, HSBC moves for a stay of the enforcement of the Court's January 28 Order pending appeal. In the alternative, HSBC moves for a 30-day extension of the current February 12 deadline for the submission of proposed redactions to the Report.

In view of the short time before the parties are required to submit proposed redacted versions of the Report to the Court, we respectfully request a ruling on this application as expeditiously as possible, so that, if necessary, we may seek an emergency stay from the Court of Appeals.

                                                                                                Respectfully submitted,

                                                                                                   /s/

                                                                            Samuel W. Seymour
Alexander J. Willscher
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498

The Honorable John Gleeson                                                                                      -8-

                                                Tel.:  (212) 558-4000
                                                Fax:  (212) 558-3588

                                                *Counsel for HSBC*

cc:       All Counsel of Record (via ECF)