

U.S. Department of Justice

United States Attorney
Eastern District of New York

F. #2009R02380

271 Cadman Plaza East
Brooklyn, New York 11201

February 4, 2016

BY ECF

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     United States v. HSBC Bank USA, N.A. and HSBC Holdings plc
                Criminal Docket No. 12-763 (JG)

Dear Judge Gleeson:

On January 28, 2016, the Court entered a Memorandum and Order (the "Order") directing the defendants (collectively, "HSBC") and the government to file a proposed redacted version of the Monitor's First Annual Follow-Up Report and appended United States Country Report (collectively, the "Report") by February 12, 2016. ECF No. 52. The government subsequently requested that the Court extend that deadline for thirty days. ECF No. 53. HSBC moved for a stay of the Court's Order and, in the alternative, requested additional time to comply with the Court's Order. ECF No. 54. Separately, HSBC filed a notice of appeal of the Court's Order. ECF No. 55. Notwithstanding the resolution of those requests, the government respectfully moves, pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a)(1)(A), for a stay of the Court's Order pending an appeal to the United States Court of Appeals for the Second Circuit.

    **I.**     **Background**

On December 11 2012, a deferred prosecution agreement ("DPA"), criminal Information, statement of facts, and corporate compliance monitor agreement were filed with the Court. ECF No. 3. Among other conditions, the DPA required HSBC to implement enhanced anti-money laundering ("AML") standards globally. To oversee the implementation of these standards, the DPA required HSBC to retain an independent compliance monitor (the "Monitor").

The Monitor issued the Report on January 20, 2015. The Report was provided to the Department of Justice, the United Kingdom's Financial Conduct Authority ("FCA"), and the Board of Governors of the Federal Reserve System ("Federal Reserve"), and the government provided the Court with a general overview of the Report's findings. ECF No. 33. On June 1, 2015, in response to the Court's order, the government filed the Report itself with the Court.

ECF No. 35. In doing so, the government requested that the Report be maintained under seal, citing concerns raised by the Monitor and four foreign and domestic financial regulators. *See* ECF No. 35.

On November 3, 2015, Hubert Dean Moore submitted a letter to the Court in which Mr. Moore requested access to the Report. ECF No. 42. The Court construed Mr. Moore's request as a motion to unseal the Report, which the government and HSBC opposed via letters submitted to the Court on December 11, 2015 and in the course of oral argument on January 15, 2016. ECF No. 42; ECF No. 45–46; ECF No. 50. On January 28, 2016, the Court granted in part Mr. Moore's motion, concluding that the government and HSBC must submit redacted versions of the Report on or before February 12, 2016. ECF No. 52.

## II. The Court Should Stay the January 28 Order Pending Appeal

The Court should grant a stay of its January 28 Order pending appeal to the Second Circuit. As the Supreme Court has explained, it "has always been held, . . . that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (citation omitted). Under the "traditional standard," in determining whether to grant a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors—likelihood of success on the merits and irreparable injury—are the "most critical." *Nken*, 556 U.S. at 434. As to both factors, an applicant must establish "more than a 'mere possibility'" of success on the merits of the appeal and of irreparable injury absent a stay. *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 653, 657 (S.D.N.Y. 2014) (quoting *Nken*, 556 U.S. at 434–35)). However, in considering this standard, "the degree to which a factor must be present varies with the strength of the other factors, meaning that 'more of one [factor] excuses less of the other.'" *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (citing *Thapa v. Gonzales,* 460 F.3d 323, 334 (2d Cir.2006)).

### A. The Government is Likely to Succeed on the Merits

There is more than a "mere possibility" that the government will ultimately succeed on the merits of its appeal. *Nken*, 556 U.S. at 434–35. The government maintains that the entire Report should remain sealed given the lack of a common law or First Amendment right of access to the Report.[1] However, even if there were such a right, it would be outweighed by the harmful repercussions that public disclosure of the Report would incur. These include, though are not limited to, the negative impact that unsealing the Report will have upon matters of utmost importance to the government, such as (1) the Monitor's and the government's ability to assess whether HSBC is complying with the terms of the DPA; (2) the ability of U.S. and foreign

---

[1] The government reincorporates by reference the arguments previously raised for why there is no common law or First Amendment right of access to the Report. ECF No. 35 at 4–7.

2

regulators to fully discharge their supervisory responsibilities over HSBC; (3) criminal exploitation of weaknesses in HSBC's AML and sanctions compliance programs; and (4) the ability of monitors and regulators of other institutions to effectively perform their duties.

These concerns are particularly salient where, as here, the government and regulators agree that the confidentiality of the information in question is vital to protecting significant law enforcement and privacy interests. By contrast, no party has put forward a compelling interest in unsealing the Report. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("*Amodeo I*") (finding that "[b]oth the claims of law enforcement privilege and privacy are proper concerns for a trial court in performing the balancing test required to determine whether access should be allowed or denied."). Accordingly, sealing the entire Report is the most "narrowly tailored" way to "preserve [the] higher values" at stake here. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1053 (2d Cir. 1995) ("*Amodeo II*") (finding that "[p]artial redaction appears not to be a viable remedy").

For these and other reasons previously presented to the Court, there is more than a "mere possibility" that the government will ultimately succeed on the merits of its appeal, and thus the Court's Order should be stayed in the interim. *Nken*, 556 U.S. at 434–35.

### B. The Government's Interests will be Irreparably Harmed Absent a Stay

The government reiterates its view that unsealing the Report would jeopardize multiple law enforcement interests, including realization of the Monitor's objectives, continued implementation of the DPA, the ability of HSBC's global regulators to fulfil their enforcement mandates, and the viability of other current and future monitorships.

Unless the Court's Order is stayed, the Report may be released to the public before the appeal has been resolved, thereby risking the very dangers that the Court's Order cited—including the importance of protecting the privacy interests of innocent third-party employees and not revealing methods by which criminals could exploit HSBC. ECF No. 52 at 11–13. There is little that the Second Circuit, let alone this Court or the government, could do to mitigate or redress these harms once inflicted. *See Maness v. Meyers*, 419 U.S. 449, 460 (1975) (observing that compliance with a court order to reveal information "could cause irreparable injury because appellate courts cannot always 'unring the bell' once the information has been released."); *CBS Corp. v. F.C.C.*, 785 F.3d 699, 708 (D.C. Cir. 2015) ("Disclosure [of confidential information] followed by appeal after final judgment is obviously not adequate in such cases—the cat is out of the bag.") (quoting *In re Papandreou,* 139 F.3d 247, 251 (D.C. Cir. 1998)). As such, and in order to maintain the status quo pending further review, the Court should stay its Order.

### C. The Issuance of the Stay Will Serve the Public Interest and Will Not Substantially Injure Any Interested Party

There is no indication that any interested party would be injured by a stay of the Court's Order pending appeal. The Report was issued in January 2015 and filed with the Court eight months ago. ECF No. 36. Even assuming that unsealing portions of the Report would

provide a public benefit, there is no reason to believe that the public has an interest in the *immediate* disclosure of the Report before this matter has had the opportunity to undergo appellate review. As such, the balance of the equities favors granting a stay pending appeal.

### III. Conclusion

For the reasons set for above, the government moves for a stay of the enforcement of the Court's January 28, 2016 Order pending appeal.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:  /s/
Alexander A. Solomon
Daniel S. Silver
Assistant U.S. Attorneys
(718) 254-6074/6034

M. KENDALL DAY
Chief, Asset Forfeiture and
Money Laundering Section
Criminal Division
United States Department of
Justice

By:  /s/
Laura Billings
Trial Attorney
(202) 305-1245

cc: All Counsel of Record (via ECF)

4