UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>- versus -<br><br>HSBC BANK USA, N.A. AND HSBC HOLDINGS PLC,<br><br>                            Defendants. | ORDER<br><br>12-CR-763 (JG) |

JOHN GLEESON, United States District Judge:

On January 28, 2016, I ordered the unsealing of the Monitor's First Annual Follow-Up Review Report ("Monitor's Report" or "Report") and the appended United States Country Report ("Appendix") in connection with my oversight of a pending deferred prosecution agreement ("DPA") between the government and HSBC Bank USA, N.A. and HSBC Holdings Plc (together, "HSBC").[1]  *See* Memorandum and Order, ECF No. 52 ("January Order").  At a status conference on February 9, 2016, I gave the parties until February 26, 2016 to submit proposed redactions for my review, which they timely filed.  *See* Letter Submitting Proposed Redactions to Monitor's Report, ECF No. 66; Motion for Leave to Electronically File Document Under Seal, ECF No. 68.

I have reviewed HSBC's and the government's proposed redactions to the Report and the Appendix, and I have weighed the competing interests set forth in the January Order. Specifically, I based the redactions to the Report and the Appendix on the following:

- The need to avoid the potential chilling effect that publicly filing the Report may have on HSBC employees who cooperated with the Monitor;

---

[1]  Familiarity with the underlying facts of the case, set forth in *United States v. HSBC Bank USA, N.A.*, 2013 WL 3306161 (E.D.N.Y. July 1, 2013), and the rationale behind my order to unseal the Monitor's Report, set forth in the January 28, 2016 order, is assumed.

- The need to minimize the risk that would-be criminals would exploit weaknesses in HSBC's anti-money laundering and sanctions compliance programs;

- The need to protect the Monitor's relationship with foreign regulators, whose assistance is important in producing the Report and Appendix;

- The need to respect certain U.S. federal banking laws and supervision governing confidential information, *see* 31 U.S.C. § 5318; 12 C.F.R. § 21.11(k); *id.* §§ 261.2(c)(1)(iii); 4.32(b); 261.20(g); and

- The need to protect proprietary business information that could advantage "[c]ommercial competitors seeking an advantage over rivals," *see United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).[2]

Accordingly, I have redacted the following:

- Identifying information about HSBC employees, including names and dates of employee interviews;

- Information detailing the processes by which criminals could exploit HSBC, including dates of proposed implementation of policies that would strengthen HSBC's anti-money laundering and sanctions compliance programs;

- Country names and explicit references to confidential material provided by foreign jurisdictions;

- Information implicating the above-referenced U.S. federal banking laws and supervision governing certain confidential information; and

- Information containing sufficient detail to invoke HSBC's privacy interest in commercially sensitive or proprietary business information, including the document titles and dates of many of the sources the Monitor accessed and cited;

I have made all of the redactions requested by the government. However, I found HSBC's proposed redactions to be over-inclusive. They reflect a misapprehension of the type of information to which the public has a First Amendment right of access, and I therefore have not made many of the redactions it proposed. In particular, HSBC sought to redact a large swath of

---

[2] I did not address the latter two categories in the January Order. Nonetheless, HSBC raised these concerns in its motion to seal its proposed redactions to the Report and the Appendix. *See* Mot. for Leave to Electronically File Doc. Under Seal, ECF No. 68 (Feb. 26, 2016). I credit these concerns.

the Report and Appendix under the umbrella of "commercially sensitive or proprietary HSBC information." Although I have redacted information that is specific and detailed enough to fit into that category, most of HSBC's proposed redactions cannot fairly be characterized in that way. For example, HSBC proposed to redact the following as commercially sensitive or proprietary:

> "Developing a strong, deeply ingrained compliance culture is no simple task, and poses particular challenges to HSBC Group in light of the depth of the cultural deficiencies that fostered the intentional criminal conduct that led to the DPA and the size and scope of the Bank's operations. Although the Bank has taken many positive steps during the past year, the fact remains that it has moved too slowly and made too little progress toward instilling the type of culture it will need in order to build an effective AML and sanctions compliance program—and to maintain that program when it is no longer subject to the Monitor's supervision."

Monitor's Report at 5. This is not sensitive or proprietary business information. It is information that (1) the government needs to evaluate HSBC's compliance with the terms of the DPA; (2) I need to supervise the progress of the DPA; and (3) the public has a First Amendment right to see.[3]

Finally, with the exception of the excerpt quoted above, the entire Report and Appendix shall remain under seal, and the matter is stayed, pending appellate review.[4] *See* Notices of Appeal, ECF Nos. 55 & 57.

---

[3] At times, the line-drawing exercise between what is truly commercially sensitive and proprietary material and what is instead information crucial to evaluating and overseeing the progress of the DPA was more difficult than the example I provided here. In general, the more specific the information, the more likely I was to credit it as legitimate business information in which HSBC has a strong privacy interest.

[4] Although the interested party, Hubert Dean Moore Jr., has requested that I condition such a stay on an agreement by the government and HSBC to seek an expedited appeal, *see* Letter, ECF No. 67 (Feb. 26, 2016), that request is denied. Moore may, of course, request that the Court of Appeals hear the appeal on an expedited basis.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 9, 2016
       Brooklyn, New York