UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,  :
:
                        Plaintiff,  :
:   No. 12-cr-00763
                -against-  :
:
HSBC BANK USA, N.A. and  :
HSBS HOLDINGS PLC,  :
                        Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OPPOSITION TO MOTION TO SEAL MARCH 9, 2016 ORDER**

      Hubert Dean Moore, Jr. is an Interested Party whose application for access is at the heart of the dispute over the unsealing of the Monitor's First Annual Follow-Up Review Report ("Report"). Mr. Moore respectfully submits this memorandum in opposition to defendants' motion to seal, in part, the Court's Order of March 9, 2016 (Dkt. 70 "Order"). The motion is only the latest in HSBC's ongoing effort to shroud this criminal prosecution in secrecy—an effort which, as the Order recognizes, shows no signs of abating. Dkt. 70 at 2-3.

      1.     As previously demonstrated in Mr. Moore's letter dated February 26, 2016, Dkt. 67, a party seeking to limit the public's First Amendment right of access to court records bears a heavy burden. This burden includes, *inter alia*, making a factual showing that sealing is essential to prevent harm to a compelling interest, and that the specific sealing proposed will be effective in avoiding that harm. Defendants' motion woefully fails to meet the constitutional burden—indeed, it doesn't even try.

      2.     It is beyond dispute that "[t]he qualified First Amendment right attaches to judicial opinions," and the mandatory constitutional standards governing public access apply without exception to defendants' instant motion to seal. *Prod. Res. Grp., L.L.C. v. Martin Prof'l,*

1

*A/S*, 907 F. Supp. 2d 401, 417 (S.D.N.Y. 2012).  As the Fourth Circuit only recently explained, "[w]ithout access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible."  *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014); *see also, e.g., United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (denying motion to file opinion under seal because "decisions of the court are a matter of public record"); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (a judge's "opinions and orders belong in the public domain").  The constitutional access right applies fully to the Order, and HSBC makes no argument to the contrary.[1]

3. In seeking to seal a portion of the Order, however, HSBC neither acknowledges nor attempts to meet its constitutional burdens.  In full, HSBC's proffered justification for sealing states:

> Given HSBC's position that the Report should be kept confidential in its entirety (and that this passage in particular should have been redacted), HSBC respectfully asks the Court to seal its March 9 order, at least with respect to the quoted passage.

Dkt. 73 at 3.  HSBC fundamentally fails to demonstrate how the disclosure of any information in the passage it wants sealed creates a substantial likelihood of harm to a compelling interest, let alone why the entire passage should be sealed.  *See, e.g., Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986) ("*Press-Enter. II*") (party seeking to deny access right must show a substantial probability of harm to a compelling governmental interest).  And it equally fails to explain how sealing the Order at this point could effectively avoid any compelling harm, even if one existed.  The Order has already been published; the proposed after-the-fact sealing would improperly limit

---

[1] The common law right of access also "obviously applies" to judicial opinions, and with particular strength, because they are "not only 'relevant' to the judicial function but essential to it." *Jiangsu Steamship Co. v. Success Superior Ltd.*, 2015 WL 518567, at *4 (S.D.N.Y. Feb. 5, 2015); *see also Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005) ("our opinions should be matters of public record").

the public's First Amendment right for no meaningful purpose whatsoever. *Press-Enter. II*, 478 U.S. at 14 (party seeking closure must demonstrate that a fundamental right would be prejudiced by publicity "that closure would prevent").

4. Far from meeting its burden to seal, HSBC's motion only serves to underscore why enforcing the constitutional access right is so important in this case. HSBC admittedly violated U.S. sanctions and anti-money laundering requirements on a massive scale," result[ing] in at least $881million being laundered through the U.S. financial system." Dkt. 3-3 ¶¶ 46 & 67. Yet the Government here agreed, and sought this Court's blessing, to permit HSBC to avoid prosecution by paying money and participating in an entirely secret monitorship. The snippet from the monitor's Report that HSBC now seeks to have removed from the public record suggests that the monitorship has been less than successful:

> '[HSBC] has moved too slowly and made too little progress toward instilling the type of culture it will need in order to build an effective AML and sanctions compliance program—and to maintain that program when it is no longer subject to the Monitor's supervision.'

Order at 3. Just as "[t]ransparency is pivotal to public perception of the judiciary's legitimacy," *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008), and "[p]ublic confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors," *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008), public perception of the legitimacy of banking regulations and confidence in the rule of law cannot long survive when criminal sanctions are negotiated with banks behind closed doors and implemented in complete secrecy. The public has a right to understand to what end the deterrent effects of the criminal law were bargained away in this case.

3

## CONCLUSION

For the foregoing reasons, Mr. Moore respectfully requests that the Court deny HSBC's motion insofar as it seeks to withdraw any part of the March 9 Order from the public record of this prosecution.

Dated: March 11, 2016  
      New York, NY

Respectfully submitted,

**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

By: *s/ David Schulz*  
David Schulz  
321 W. 44th Street, Suite 1000  
New York, NY 10036  
Tel: (212) 850-6103  
dschulz@lskslaw.com

*Counsel for Hubert Dean Moore, Jr*