UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
**UNITED STATES OF AMERICA,**
 :
                     Plaintiff,    :   **MEMORANDUM DECISION AND**
 :                 **ORDER**
          - against -         :
 :
 :   12-cr-00763
**HSBC BANK USA, N.A. AND HSBC**   :
**HOLDINGS PLC,**                 :
 :
              Defendants.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 04 2016 ★

BROOKLYN OFFICE

**ANN DONNELLY**, District Judge.

      Currently before me is HSBC's March 9, 2016 motion asking that I certify Judge Gleeson's January 28, 2016 and March 9, 2016 orders for interlocutory appeal, pursuant to 28 U.S.C. §1292(b), and that I seal a portion of Judge Gleeson's March 9, 2016 order. (ECF 73.) Neither the government nor Hubert Dean Moore, Jr., whom Judge Gleeson designated an "interested party," takes a position on HSBC's request for certification; Mr. Moore opposes HSBC's sealing request. (ECF 74.) For the reasons that follow, HSBC's motion is denied.[1]

## BACKGROUND

      The government filed an information charging HSBC with violations of the Bank Secrecy Act, the International Economic Powers Act and the Trading with the Enemy Act. The parties entered into a Deferred Prosecution Agreement ("DPA"), which included a provision that HSBC

---

[1] Familiarity with the underlying facts of this case, set forth in *United States v. HSBC Bank USA, et al.*, 2013 WL 3306161 (E.D.N.Y. July 1, 2013)("HSBC I"), *United States v. HSBC Bank USA, et al.*, 2016 WL 347670 (E.D.N.Y. January 28, 2016) ("HSBC II") is assumed.

1

submit to monitoring by a corporate compliance monitor who would make periodic reports to the government. If HSBC met the terms of the DPA, the government would seek dismissal of the charges; if HSBC failed to live up to those terms, the government could prosecute HSBC for the crimes laid out in the information, as well as any other crimes of which the government became aware. On December 20, 2012, the parties appeared before Judge Gleeson, and asked that he hold the case in abeyance for five years and exclude the time pursuant to the Speedy Trial Act, 18 U.S.C. 3161(h)(2). On July 1, 2013, Judge Gleeson gave preliminary approval to the DPA and agreed to exclude the time under the Speedy Trial Act, but said that his final approval of the DPA was "subject to a continued monitoring of [the DPA's] execution and implementation." *HSBC I*, 2013 WL 3306161l, at *7. As part of his "supervisory power" over the case, Judge Gleeson directed the parties to file quarterly reports with him and keep him "apprised of all significant developments in the implementation of the DPA" while the case was before him. *Id.* at *11.

On April 1, 2015, the government submitted a status letter referencing the Monitor's First Annual Follow-Up Review Report ("Monitor's Report") (ECF 33); Judge Gleeson ordered the government to file the Monitor's Report with the Court, which the government did, under seal. (ECF 36-37.) In November of 2015, Hubert Dean Moore, Jr., a private citizen who was attempting to negotiate a change in the terms of his residential mortgage with HSBC, contacted Judge Gleeson by letter, and argued that he needed access to the Monitor's Report in order to advance a complaint he had with the Consumer Financial Protection Bureau. (ECF 42.) Judge Gleeson construed Mr. Moore's letter as a motion to unseal the Monitor's Report. After considering written submissions and oral argument from the parties, Judge Gleeson found that the public had a First Amendment right of access to the Monitor's Report, and ordered that it be

unsealed. *HSBC II*, 2016 WL 347670, at *1. HSBC filed a notice of appeal of this order on February 1, 2016, and the government filed its notice of appeal three days later, on February 4, 2016. (ECF 55, 57.) Judge Gleeson gave the parties an opportunity to propose redactions to the Monitor's Report before its unsealing, and on March 9, 2016, issued an order describing the redactions he had made to the Monitor's Report, and submitted the redacted version to the parties under seal. (ECF 70.) Finally, with the exception of one paragraph quoted in his order, Judge Gleeson stayed the unsealing order pending appellate review. (*Id.* at 3.)

That same day, which was also Judge Gleeson's last day on the bench, HSBC filed the instant motion. The case was briefly assigned to another judge before being transferred to me on March 14, 2016. The government filed its notice of appeal of the March 9, 2016 order on April 7, and HSBC filed its notice the next day. (ECF 78, 79.)

## INTERLOCUTORY APPEAL

A district judge may certify an order in a civil case for interlocutory appeal if she determines that it involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). The proponent of the interlocutory appeal has the burden of showing that these criteria are met. *In re Facebook, Inc., IPO Sec. and Derivatives Litig.*, 986 F.Supp.2d 524, 529 (S.D.N.Y. 2014) (citing *Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005)). "[T]he power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24-25 (2d Cir. 1990) (quoting *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)).

3

As a general rule, a defendant in a criminal case cannot "obtain appellate review of an interlocutory order until she has been convicted and sentenced." *United States v. Fokker Services B.V.*, Nos. 15-3016, 15-3017, 2016 WL 1319266, at *11 (D.C. Cir. Apr. 5, 2016). *See also, United States v. MacDonald*, 435 U.S. 850, 857-61 (1978). Among the rare exceptions to this rule are those cases in which the appealed orders could have stood alone as separate civil actions. Thus, in *ABC, Inc. v. Stewart*, 360 F.3d 90 (2d Cir. 2004) and *United States v. Suarez*, 880 F.2d 626 (2d Cir. 1989), the Second Circuit found that when news agencies intervened in criminal actions seeking disclosure of materials filed under seal, the decision on the disclosure dispute was immediately appealable, as "the dispute could have been treated by the district court as a new civil case and given a number separate from the criminal litigation." *Suarez*, 880 F.2d at 629 (citing *In re National Broadcasting Co.*, 635 F.2d 945, 949 n. 2 (2d Cir. 1980)); *see also ABC, Inc.*, 360 F.3d at 97 (interlocutory order reviewable on appeal because "[a]ppellants' claims could have been treated by the district court as a new civil case, as opposed to an intervention in the pending criminal case, and the orders would have been final in that case") (quoting *In Re New York Times Co.*, 828 F.2d 110, 113 (2d Cir. 1987)).

HSBC argues that this case fits the *Stewart/Suarez* profile, and analogizes Mr. Moore to the news organizations that intervened in those cases. While HSBC's argument has some surface appeal, it ignores the critical difference between those cases and this case. In *Stewart* and *Suarez*, the question of press access to the proceedings was completely separate from the underlying prosecution, and thus could have been treated as "a new civil case." *ABC, Inc.*, 360 F.3d at 97; *Suarez*, 880 F.2d at 629. Here, Judge Gleeson's rulings, including his conclusion that the Monitor's Report is a judicial document, are not "separate" from the criminal case. As he observed, he issued the challenged orders as part of his oversight of "the criminal case that the

government chose to file." *HSBC II*, 2016 WL 347670, at *3. He took control of the Monitor's Report because in his view, it was "integral to the fulfilment of [the Court's] continuing obligation to monitor the execution and implementation of the DPA," and he unsealed it in order to ensure that the court had a "measure of accountability" to the public. *Id.* at *3-4. The issues raised implicate the extent and scope of a district court judge's power over a DPA, and thus his power over the criminal case, and could not have stood as "a new civil case" separate from the criminal case. *See Suarez*, 880 F.2d at 629. Therefore, because Judge Gleeson's orders cannot fairly be characterized as "civil" in nature, they are not within the scope of 28 U.S.C. §1292(b).

In denying the request for certification, I do not mean to suggest that this case would not benefit from appellate review. Indeed, as Judge Gleeson observed, the issues presented are "of first impression in some respects." (ECF 75, at 3:8-9.) My power to certify interlocutory orders for appellate review, however, is "strictly limited to the precise conditions stated in the law," *Klinghoffer,* 268 F.2d at 196, and I do not find that those conditions are satisfied here.

## SEALING OF PORTION OF MARCH 9, 2016 ORDER

HSBC also asks that I seal the portion of Judge Gleeson's March 9, 2016 order that quotes directly from the Monitor's Report. (ECF 73, at 3.) However, Judge Gleeson specifically declined to seal this portion of the Report, and ruled that *"with the exception of the excerpt quoted above*, the entire Report and Appendix shall remain under seal, and the matter is stayed, pending appellate review." (ECF 70, at 3)(emphasis added.) Therefore, Judge Gleeson already considered and decided this precise issue. To the extent that HSBC's motion can be construed as a motion to reconsider Judge Gleeson's decision, that motion is denied. A court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). In order to succeed on a motion

5

for reconsideration, the moving party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal citation omitted). That showing has not been made here.

## CONCLUSION

For the reasons stated above, HSBC's motion for certification of the January 28, 2016 and March 9, 2016 orders for interlocutory appeal and to seal a portion of the March 9, 2016 order (ECF 73) is **DENIED**.

**SO ORDERED.**

s/Ann M. Donnelly
───────────────────
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      May 4, 2016